**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————

No. 97-30142
Summary Calendar

———————————

PEOLA R. DOMINICK,

Plaintiff-Appellant,

versus

DANIEL D. DASTE; THE ST. BERNARD
PARISH SCHOOL BOARD,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Eastern District of Louisiana

(96-CV-1446-E)

———————————

October 2, 1997

Before POLITZ, Chief Judge, KING and DENNIS, Circuit Judges.

POLITZ, Chief Judge:[*]

    Peola Dominick appeals an adverse judgment dismissing her Title VII[1]

_____

   [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

   [1]42 U.S.C. section 2000e.

employment discrimination claim.  For the reasons assigned, we affirm.

## BACKGROUND

Peola Dominick is a black female who has been employed by the St. Bernard Parish School Board since 1975.  She is legally qualified by education, certification and experience to serve as a school principal in Louisiana.  In December of 1993 Dominick was one of many applicants for promotion to the principal position at Millaudin Elementary School, a school operated by the St. Bernard Parish School Board.  After interviewing the applicants, reviewing their credentials, past performance and written responses to hypothetical school related problems, and considering the needs of the school, a committee of three school board employees, including Superintendent Daniel Daste, recommended Joy Connor, a white female, for the position.  The Superintendent then presented this recommendation to the School Board which approved the selection. Dominick filed a complaint with the Equal Employment Opportunity Commission, alleging that she was not selected for promotion to principal because of her race. Dominick subsequently received the statutory right to sue letter from the EEOC and filed suit.  The case was heard by consent by a magistrate judge who dismissed Dominick's discrimination claim with prejudice; she timely appealed.

**ANALYSIS**

A trial court's determination of the ultimate issue of discrimination will not be overturned unless clearly erroneous.[2] When a decision obviously turns on credibility determinations, the trial court's findings are due great deference.[3]

In evaluating Dominick's claim of discrimination the trial court correctly applied the McDonnell Douglas three-step analysis.[4] The court concluded that Dominick had demonstrated a prima facie case of discrimination because she was qualified for a position that was filled by a member of a non protected group. The school board claimed, however, that the selection of Connor, an expert in the field of special education, was based largely on the fact that nearly 50% of the students at Millaudin were disadvantaged children. The trial court concluded that the school board had articulated a legitimate, nondiscriminatory reason for selecting Connor. Dominick attempted to prove that the decision was actually motivated by racial bias and that the offered reason was pretextual. The court found that Dominick had not succeeded in carrying her burden of proof. Dominick's allegations rested on comments Dr. Daste

---

[2] **Pullman-Standard v. Swint**, 456 U.S. 273, 102 S. Ct. 1781 (1982). Fed. R. of Civ. P. 52(a).

[3] **Burma Navigation Corp. v. Reliant Seahorse MV**, 99 F.3d 652 (5th Cir. 1996); **Schlesinger v. Herzog**, 2 F.3d 135 (5th Cir. 1993).

[4] **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 93 S. Ct. 1817 (1973).

supposedly made to her when she asked why she had not been selected.[5]  Dr. Daste denied making the footnoted comment.  His testimony was supported by two school board employees, both of whom were long time friends of Dominick.  Making an essential credibility assessment, the court accepted the testimony of the school board witnesses.

Our review of the record and briefs filed in this matter persuades that the magistrate judge's findings were not clearly erroneous.

The judgment appealed is AFFIRMED.

---

[5]Allegedly, Superintendent Daste told Dominick that she was not selected  because he was trying to rid the school of the "black violet Consolidated image".

5